IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| IN THE MATTER OF DONNA PALMER,[1] a disabled person. | § § § § § § § § § § § | No. 424, 2016<br><br>Court Below—Court of Chancery of the State of Delaware<br><br>C.A. No. 17950-N |

Submitted: November 2, 2017
Decided: January 25, 2018

Before **STRINE**, Chief Justice; **SEITZ** and **TRAYNOR**, Justices.

# **O R D E R**

This 25th day of January 2018, it appears to the Court that:

(1)    The above-captioned appeal is from the Court of Chancery's decision on two cross-petitions for guardianship of Donna Palmer, filed by two individuals competing to act as Mrs. Palmer's guardian.  This appeal was filed by the subject of the petitions, Mrs. Palmer, who was adjudicated incompetent in the underlying guardianship proceeding.  The appeal was stayed pending the outcome of a related appeal filed by the unsuccessful of the two cross-petitioners, whose petition to act as Mrs. Palmer's guardian was denied in favor of the other cross-petitioner.[2]

---

[1] The Court has assigned a pseudonym under Supreme Court Rule 7(d).
[2] *Pirestani v. Reagan*, No. 425, 2016.

(2)     The issue in the underlying guardianship proceeding was not whether Mrs. Palmer was in need of a guardian—all parties, including Mrs. Palmer herself, conceded that—but rather who was best suited to serve as the guardian.  In the related appeal, we affirmed the Court of Chancery's disposition of the cross-petitions for guardianship.[3]

(3)     Now, having considered this appeal, we conclude the appeal must be dismissed due to Mrs. Palmer's lack of capacity to file the appeal on her own volition.[4]  Under the circumstances here, the Court of Chancery's adjudication of Mrs. Palmer's incompetency rendered her legally disabled to prosecute the case— or file an appeal—except through her court-appointed attorney *ad litem*.[5]

---

[3] *Pirestani v. Reagan*, 2017 WL 4640137 (Del. Oct. 12, 2017).

[4] *See* 10 *Del. C.* § 3923 ("Any person of the age of 18 years or older *who is not otherwise incompetent* may bring, file, prosecute, defend, litigate, settle, dismiss or otherwise compromise any action in law or in equity in any court without the interference or appointment of a guardian, guardian ad litem, next friend or other legal representative." (emphasis added)); *see, e.g., Meehan v. Nicolosi*, 2003 WL 222885, at *1 (N.Y. App. Div. Jan. 15, 2003) ("The pro se plaintiff, declared incompetent in an unappealed and unchallenged Supreme Court order, lacks legal capacity to prosecute the action or to pursue the appeal").

[5] *See In re Tavel*, 661 A.2d 1061, 1071 (Del. 1995) (providing that an attorney *ad litem* has "great latitude" to determine the legal position to take in the best interests of the incompetent person). We are not insensitive to the possibility that when a person who has been adjudicated incompetent and appointed an attorney *ad litem* bypasses the attorney *ad litem* and files papers—such as a notice of appeal—directly with the Court, that may raise concerns over whether the attorney *ad litem* is adequately protecting the person.  But we addressed that concern in this case.  In the related appeal, we ruled upon a motion that Mrs. Palmer filed, *pro se*, that sought to have her attorney *ad litem* replaced because she disagreed with his position that the Court of Chancery's choice of guardian was correct and should be affirmed.  We considered that motion and the attorney *ad litem*'s response and denied the motion after finding no basis to replace the attorney *ad litem*.

NOW, THEREFORE, IT IS ORDERED that this appeal is dismissed, *sua sponte*, under Supreme Court Rule 29(c).[6] The mandate shall issue forthwith.

BY THE COURT:

*/s/ Gary F. Traynor*
Justice

---

[6] Del. Sup. Ct. R. 29(c) (providing that an appeal may be dismissed, *sua sponte*, when the appeal on its face manifestly fails to invoke the jurisdiction of the Court, the giving of notice would serve no meaningful purpose, and any response would be of no avail).